STATE EX REL. MORROW and others, Petitioners, v. LEWIS, Superintendent, Respondent.

*Argued August 15, 1972.—Decided September 6, 1972.*
(Also reported in 200 N. W. 2d 193.)

For the petitioners there was a brief and oral argument by *James D. Rudd*, Legal Aid Society of Milwaukee.

For the respondent there was a brief by *E. Michael McCann*, district attorney of Milwaukee county, and *Jon Peter Genrich*, assistant district attorney, and oral argument by *Mr. Genrich*.

PER CURIAM. Grant Morrow, Marvin Boyd, James Johnson, and Dennis Flynn have petitioned this court for a writ of habeas corpus on the ground they are being unlawfully detained by the respondent Andrew Lewis, Superintendent of the Milwaukee County Detention Home, in that their commitment for detention was not in accordance with sec. 48.29 (2), Stats.[1] This section provides that a child may be detained in a place of detention only on a written order of the court, speci-

---

[1] "(2) If the child is not released as provided in sub. (1), he may be detained in a place of detention specified in s. 48.30 but only on written order of the court specifying the reason for detention. The parent, guardian or legal custodian of the child shall be notified of the place of detention as soon as possible. If because of the unreasonableness of the hour or the fact that it is a Sunday or holiday it is impractical to obtain a written order from the court, the child may be detained without a written order of the court for a period of not to exceed 24 hours but a written record of such detention shall be kept and a report in writing filed with the court. The judge of the juvenile court may authorize any person, designated by s. 48.06 or 48.07 to provide services for the court, to order detention of the child."

fying the reasons for detention. To this proscription an exception is made in cases involving the unreasonableness of the hour, Sunday or a holiday when it is impracticable to obtain a written order from the court, the child may be detained without such court order for a period not exceeding twenty-four hours. In such cases a written record of such detention shall be kept and a report in writing filed with the court. The section also provides the judge of the juvenile court may authorize certain persons to order detention of the child. Such persons are those designated to furnish services to the court by secs. 48.06 and 48.07. The question is whether this provision allows a juvenile judge to appoint a social worker to order all detentions or only those embraced within the exception of the section.

There is no dispute the four petitioners have committed acts which would constitute crimes if they were not juveniles. They were taken into police custody without an arrest warrant during the week of July 24, 1972. The police made the decision not to release the juveniles to their respective parents which could have been done under sec. 48.29 (1), Stats. The petitioners were instead taken to the Milwaukee County Detention Home and processed by in-take workers and a "detention home admission" slip and a "detention authorization" slip executed for each child. Within twenty-four hours after the initial decision to detain, the petitioners were given a detention hearing on the issue of continued detention pending final determination of the charges against them. These hearings were conducted by one Lawrence J. James, Jr., a probation officer who had been delegated this authority pursuant to a resolution of the Milwaukee County Board of Judges dated February 17, 1969. Mr. James determined that each of the petitioners should be detained until their cases were heard on the merits. These authorization orders were also signed by GEORGE

A. BOWMAN, JR., Judge of the Children's Court of Milwaukee County, who admittedly did not hear the evidence nor read the transcript of such hearing prior to signing such orders.

It is the contention of the petitioners the hearing afforded them was unconstitutional and not in accordance with sec. 48.29, Stats., since the facts did not fall within the exception. In our view of sec. 48.29 (2), an order to detain a child in a place of detention beyond twenty-four hours must be made by the juvenile court specifying the reason for such detention and not by a social worker authorized by the juvenile judge. The sentence of the section allowing the judge of a juvenile court to authorize a social worker to order detention of a child refers only to an order within the exception which can be made because of the unreasonableness of the hour or because it is a Sunday or a holiday and it is impracticable to obtain a written order from the court. The resolution of the Milwaukee County Board of Judges finds no basis in the statutes and in effect attempts to delegate to a nonjudicial officer duties which sec. 48.29 (2) provides shall be performed not by a magistrate or social worker but by a court.

We cannot approve of the proceeding under this section whereby the juvenile judge signs the order of detention made by a social worker without hearing the evidence or reading the transcript. The signing of such an order by a judge is not the proper procedure for the operation of a court. There is a difference in what a judge can do in chambers and as a court. Detention hearings are court hearings.

We need not ground this decision on constitutional grounds or decide that issue. A statute, no doubt, can be written providing for a detention hearing before an administrative or quasi-administrative officer providing for an immediate review by a judicial officer which

could meet due process requirements in juvenile matters. In this case the record shows that upon application for a review of the order of Mr. James, the social worker, the juvenile judge stated he could not change a detention order and thus effectively denied any review of the detention order. Consequently, the procedure cannot be viewed as an administrative hearing subject to reversible judicial review.

We realize this decision will cause some hardship on the already overburdened Milwaukee juvenile courts. We are mindful that in the past circuit court judges for Milwaukee and judges from outside Milwaukee have heard these detention hearings and that the present procedure was inaugurated in January of 1972 due to the lack of judicial manpower.

Whatever merits there may be to the present procedure, it does not conform to the statute and should be discontinued or the statute changed to authorize it. In view of the fact these petitioners have not been given a judicial hearing on their detention as required by sec. 48.29 (2), Stats., the children's court of Milwaukee county is ordered to grant them an immediate hearing on their detention or release them pending the determination of the merits of their cases.